IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Trustees of the Chicago Regional Council of Carpenters Pension Fund, Chicago Regional Council of Carpenters Welfare Fund, and Chicago Regional Council of Carpenters Apprentice & Trainee Program Fund, | Case No. 08 CV 3304 |
| Plaintiffs, | Judge Der-Yeghiayan |
| v. | Magistrate Judge Brown |
| Baat Construction Services, Inc., | |
| Defendant. | |

## ANSWER TO COMPLAINT

NOW COMES the Defendant, Baat Construction Services, Inc., by and through its attorneys, Harrison Law Offices, P.C., and for its *Answer to Complaint* states and affirms as follows:

1. This action arises under Section 502 of the Employee Retirement Income Security Act ("ERISA") (29 U.S.C. §§1132) and Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 185(a). Jurisdiction is founded on the existence of questions arising there under [*sic*].

**ANSWER:** Paragraph 1 consists of legal conclusions that require no response. Baat Construction Services, Inc. ("Baat") admits that the Court has original federal question jurisdiction to hear claims arising under ERISA and the LMRA.

2. The CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND and the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE

1

PROGRAMS ("Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the CHICAGO REGIONAL COUNCIL OF CARPENTERS, successor of the CHICAGO & NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS, ("Union"), and therefore, are multiemployer plans. (29 U.S.C. §1002). The Trust Funds are administered at 12 East Erie Street, Chicago, Illinois and venue is proper in the Northern District of Illinois.

**ANSWER:** Paragraph 2 consists of legal conclusions that require no response. To the extent that Paragraph 2 asserts any factual matter, Baat is without sufficient knowledge or information to form a belief as to the factual matter of the allegations.

3. The Defendant is an employer engaged in an industry affecting commerce which entered into Agreements which require Defendant to pay fringe benefit contributions to the Trust Funds.

**ANSWER:** Baat admits the allegations contained in Paragraph 3 of the Complaint.

4. Delinquent employers are required to pay, in addition to amounts determined to be due, reasonable attorney fees, court costs, audit fees and other reasonable costs incurred in the collection process.

**ANSWER:** Paragraph 4 consists of legal conclusions that require no response.

5. The Defendant must submit monthly reports listing the hours worked by its carpenter employees ("contribution reports") and to make concurrent payment of contributions to the Trust Funds based upon the hours worked by its carpenter employees.

**ANSWER:** Baat admits the allegations contained in Paragraph 5 of the Complaint.

6. The Defendant breached the provisions of the Collective Bargaining Agreement and Trust Agreement by failing to submit reports to the Trust Funds for the period of January

2008 through present and by failing to pay liquidated damages on previously submitted contributions.

**ANSWER:** That the Defendant breached the provisions of the Collective Bargaining Agreement and the Trust Agreement is a legal conclusion that requires no response. To the extent that paragraph 6 alleges factual matters, Defendant denies the same.

7. Plaintiffs have complied with conditions precedent in bringing this suit.

**ANSWER:** Paragraph 7 is a legal conclusion that requires no response.

8. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from Defendant.

**ANSWER:** Baat denies the allegations of paragraph 8 of the Complaint.

9. Plaintiff is obligated to pay the attorney fees and court costs incurred by the Plaintiffs pursuant to 29 U.S.C. §1132(g)(2)(D).

**ANSWER:** Paragraph 9 consists of legal conclusions that require no response.

10. Pursuant to 29 U.S.C. §1132(g)(2)(B), the Plaintiffs are entitled to interest on any monies that may be found to be due and owing from the Defendant.

**ANSWER:** Paragraph 10 consists of legal conclusions that require no response.

11. Pursuant to 29 U.S.C. §1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of :

    a) double interest on the unpaid contributions; or

    b) interest plus liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

**ANSWER:** Paragraph 11 consists of legal conclusions that require no response.

12. Pursuant to the Trust Agreements, Plaintiffs are entitled to liquidated damages at the rate of 1.5% compounded monthly.

**ANSWER:**    Paragraph 12 consists of legal conclusions that require no response.

WHEREFORE, Defendant Baat prays that this Honorable Court grant judgment in its favor and against Plaintiffs and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ James T. Harrison

Attorney for Defendant Baat

Harrison Law Offices, P.C.
684 S. Eastwood Drive
Woodstock, IL 60098
Office: (815)338-7773
Atty. No. 06207020

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Trustees of the Chicago Regional Council of Carpenters Pension Fund, Chicago Regional Council of Carpenters Welfare Fund, and Chicago Regional Council of Carpenters Apprentice & Trainee Program Fund, | ) ) ) ) ) ) | Case No. 08 CV 3304 |
| Plaintiffs, | ) ) | Judge Der-Yeghiayan |
| v. | ) ) | Magistrate Judge Brown |
| Baat Construction Services, Inc., | ) ) ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

    The undersigned attorney hereby certifies that a true and correct copy of the foregoing **Answer to Complaint** was electronically filed with the Clerk of the U.S. District Court, Eastern Division and e-filed to the below listed person(s) on the 4th day of August, 2008, using the CM/ECF system.

                  Daniel P. McAnally
                  Whitfield McGann & Ketterman
                  111 East Wacker Drive, Suite 2600
                  Chicago, IL 60601

                  /s/James T. Harrison
                  James T. Harrison
                  Attorney at Law

Harrison Law Offices, P.C.
684 S. Eastwood Drive
Woodstock, IL 60098
Office: (815) 338-7773
Atty. No. 06207020